Illinois Central Railroad Co. v. William Clarence Lee.    71   895
                                                                    83   139

1. RAILROADS. *Personal injury. License. Negligence.*

    A licensee on a railroad track must take notice of the customary and reasonable use of the same by the company, and exercise ordinary care to avoid injury from moving trains.

2. SAME. *License. Contributory negligence. Case.*

    A woman, acquainted with the surroundings, approached a switch, habitually and by acquiescence of the company, used as a foot-way by the public. An engine with one car pulled up to two box-cars on the switch, and stopped where she had full view. Without looking out for the train, she went on the track behind the engine and car, and, with her head covered by a sun-bonnet, in face of a strong wind, walked slowly down the track, and was struck and killed by the train backing at the rate of two to four miles an hour. None of the train-men saw her. *Held,* she failed to use ordinary care, and the company is not liable.

From the circuit court of Copiah county.

Hon. J. B. Chrisman, Judge.

In the town of Wesson there is a switch of the Illinois Central railroad, known as the "horn switch," situated, except where it crosses the streets of the town, wholly on the lands of the Mississippi Mills Company. It was constructed many years ago, at the request of the mills company, by it and the railroad company jointly, and, while used as a regular switch of the railroad, it was mainly for the convenience of the mills in loading and unloading freight. Its use by the public as a foot-way was acquiesced in by the railroad. At the time in question two box-cars were standing on the switch just north of a street that crossed it nearly at right-angles. Ida Lee, aged nineteen, the mother of the minor plaintiff, walked on the street to a point very near its intersection with the switch, and crossed by a foot-path to the track, and proceeded walking slowly down the track, southwardly. As she was approaching the switch, an engine, with

one car attached, pulled slowly up the switch, northwardly, and stopped at the two detached box-cars. Her view of the engine and cars was unobstructed. After coupling to these, it backed slowly down the track, and, while so doing, overtook and killed her. At the moment of the accident the engineer was at his post directing and managing the engine, the fireman was in the cab shoveling coal, and the brakeman, the only other person on the train, was on one of the rear cars, and none of them saw the woman, or from their position could have seen the track south of the train. The whistle was not sounded. There is conflict of evidence as to whether the bell was ringing. There was some evidence tending to show that deceased was somewhat deaf.

Further facts, throwing light on the question of contributory negligence as deduced by the court from the record, are given in the opinion.

This action was brought by William Clarence Lee, minor child of the deceased, suing by next friend, to recover damages of the railroad company for the alleged negligent killing. It is unnecessary to set out the instructions. Verdict and judgment for plaintiff for $2,750. Motion for new trial overruled, and defendant appeals.

*Mayes & Harris,* for appellant,

Filed a brief, discussing at length all the points presented by the record, and, as to the controlling question of contributory negligence, citing the following authorities: *Railroad Co.* v. *Stroud,* 64 Miss., 784; 65 Pa. St., 269; 72 Ill., 347; 21 Minn., 293; 66 N. Y., 243; 42 *Ib.,* 468; 41 *Ib.,* 525. This case is readily distinguishable from *Railway Co.* v. *Summers,* relied on by appellee. In that case the train, by passing the woman injured, misled her as to its future movement. Besides, she was where she had a right to be and where she had the right to expect warnings. In this case the engine was in plain view, engaged in switching. Deceased failed to look for the return of the engine, but walked very slowly down

the track, heedless of danger. If she was deaf, and the wind blowing, the greater the need for care on her part.

*Calhoon & Green,* for appellee.

There was no lack of ordinary care on the part of deceased. The switch was habitually used by the public as a foot-way, and with the acquiescence of the company. There was no negligence in going upon it and using it as such. *Railroad Co.* v. *Shearer,* 58 Ala., 672. Under the circumstances, the deceased had the right to suppose that an alarm would be sounded, at least in crossing the street behind her, and, in fact, continuously, as it was in town. Nine persons out of ten would have acted as she did. The finding of the jury as to this should be accepted, unless manifestly wrong. We submit it was clearly right. The instructions being correct, the verdict will not be disturbed. *Railroad Co.* v. *Jobe,* 69 Miss., 452; *Railway Co.* v. *Summers,* 68 *Ib.,* 566. The last case is exactly in point. *Railroad Co.* v. *Stroud,* 64 *Ib.,* 784, is not in point, since the injured person was where he had no right to be. So in *Dooley* v. *Railroad Co.,* 69 Miss., 648. See, in support of the judgment, *Railway Co.* v. *Hirsch,* 69 Miss., 126; *Railroad Co.* v. *Thompson,* 64 *Ib.,* 584.

*George S. Dodds,* on the same side.

Argued orally by *Edward Mayes,* for appellant, and *George S. Dodds* and *S. S. Calhoon,* for appellee.

WOODS, J., delivered the opinion of the court.

Conceding, as must be done, that the use of the "horn" switch as a foot-way for twenty-six years was known to and permitted by the railroad company, and that the mother of the appellee was not a naked trespasser, we find ourselves no way advanced in our efforts to solve the real problem which the record before us presents, viz.: Was the deceased guilty of contributory negligence?

If she was a licensee, she must be held to have acquired no right to use the foot-way in total disregard of all prudence and caution. She was not authorized to cease to look out for herself when on the track, and assume that the railroad company would use its own otherwise than as it ordinarily and reasonably used its tracks generally. She might use the track, but she must use it with ordinary care. She took her license *cum onere*. She knew the railroad company used, and was compelled to use, this switch in the usual and regular course of its business, and she was bound to govern herself accordingly, whenever she chose to employ the switch as a walk for her own convenience. It was her duty to use ordinary care to avoid injury from the engines and cars of the company used in the usual manner of conducting its business, and this she did not do.

She saw, on the miserable day when she met her tragic death, an engine, with one box-car attached, pass up this horn switch in the direction of two other box-cars standing on this switch. If she had heedfully observed, she would have seen the engine stop at these two cars, and she would have seen, if she had looked even cursorily, that the car attached to the engine did not clear the street down which she was walking, when it was stopped. She must be conclusively presumed to have known that this switching engine would either push the two cars standing on the switch out of the north end of the switch, or back down out of the south end. Ordinary care would have prompted her to watch this suggestive attitude of the engine and box-cars, and take some precautions to guard against apparent danger, if she proceeded to get on the track. The simplest care on her part would have sufficed to avoid all danger, but this simplest care she failed to exercise. She got upon the switch-track without waiting and watching to see whether the engine was to be driven forward or backward, in the direction she was to move, and walked, slowly, and without ever looking back, for the short distance of sixty or seventy yards, when the

backing engine and cars, running only from two to four miles an hour—the speed of the walk of the average human being —struck her, ran over her and killed her. She must have been moving at a snail's pace, and she must have been profoundly absorbed in thought, or engrossed with some object before her, or possibly in her hand, thus to fail to use any care, even the slightest, to protect herself from a danger that was apparent to any reflecting mind. The unhappy young woman's own unaccountable conduct contributed directly to her fatal injury, and the jury should have been charged peremptorily to find for the railroad company.

<em>Reversed and remanded.</em>